IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KIM A. GATEWOOD,<br>3526 Kings Point Road,<br>Randallstown, MD 21133,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICE OF THE COMPTROLLER<br>OF MARYLAND,<br>110 Carroll St.,<br>Annapolis, MD 21411,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**
(Jury Trial Demanded)

COMES NOW, Plaintiff Kim A. Gatewood (hereinafter "Plaintiff"), by and through undersigned counsel, and files this her *Complaint* for damages against Defendant Office of the Comptroller of Maryland (hereinafter "Defendant") and for cause would show unto the Court the following:

**PARTIES**

1. Defendant is the employer in this matter.

2. Plaintiff is resident of the State of Maryland and currently resides at 3526 Kings Point Road, Randallstown, MD 21133.

3. At all times relevant to this action, Plaintiff was an "employee" as defined under Title VII, 42 U.S.C. § 2000e(f).

4. At all times relevant to this action, the Defendant is an employer as defined under Title VII, 42 U.S.C. § 2000e(b).

5. Defendant is a state government agency that operates within the State

## JURSIDCITION AND VENUE

6. This action is being brought pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343(a)(3) and 42 U.S.C. Section 1983 and includes any and all federal law claims plead herein for which jurisdiction and venue is attached.

7. Venue is proper in this district, pursuant to 28 U.S.C. Section 1391 because the Defendant is located within the district and a substantial part of the events and omissions giving rise to this claim occurred within this judicial district.

8. The unlawful employment practices alleged in this Complaint were committed within the State of Maryland.

9. The Defendant at all times operated business within the State of Maryland, therefore venue is proper pursuant to 28 U.S.C. Section 1391 and 42 U.S.C. § 2000e-5(f).

## ADMINISTRATIVE REMEDIES

10. Within 300 days of the alleged illegal action of the Defendant, Plaintiff timely filed a charge of discrimination and harassment with the Equal Employment Opportunity Commission ("EEOC") on October 3, 2018.

11. Plaintiff received his Dismissal and Notice of Rights-to-Sue on November 26, 2021.

12. Plaintiff filed this Complaint within ninety (90) days of receipt of said notice.

## FACTUAL ALLEGATIONS

13. Defendant is a state government agency that operates within the State of Maryland.

14. Plaintiff was employed by Defendant as an Office Processing Clerk on or about May 9, 2007.

15. In 2009, Plaintiff transferred to a position as a Computer Operator and progressed to a Computer Operator II in March 2011.

16. In 2017, Plaintiff filed a grievance regarding a lack of training required for her to successfully perform her duties.

17. Defendant and Plaintiff entered into a mediation agreement where the parties, *inter alia*, agreed that Plaintiff would receive a training plan.

18. On July 6, 2018, Plaintiff filed an additional grievance alleging that Defendant had failed to meet is portion of the agreement by proving Plaintiff with the necessary training.

19. Plaintiff alluded to discriminatory conduct by Defendant, noting that she was the only employee, including employees who were hired long after here, that had received training.

20. These trainings were necessary for advancement to more responsible and higher paying positions.

21. Soon after Plaintiff filed the additional grievance against this discriminatory behavior, Defendant placed Plaintiff on a performance improvement plan that included unreasonable goals.

22. Further, in August 2018, Plaintiff received a written reprimand alleging performance errors.

23. Plaintiff now brings this action against Defendant seeking damages for its retaliatory conduct.

**COUNT I: RACE DISCRIMINATION – DISPARATE TREATMENT**

24. Plaintiff hereby incorporates by reference each of the foregoing allegations as if stated fully herein further alleges and states as follows:

25. Plaintiff has exhausted his administrative remedies.

26. Plaintiff complained through Defendant's internal grievance procedures of discriminatory conduct.

27. Specifically, Plaintiff complained that she was the only employee in her unit that was not receiving the adequate training as agreed upon in the mediated agreement.

28. The training is a prerequisite to obtaining higher paying and more responsible positions.

29. Plaintiff's complaint of discriminatory conduct is a protected activity for the purposes of retaliation under Title VII.

30. In response to Plaintiff's complaint, Defendant placed Plaintiff on a performance improvement plan and provided her a written reprimand.

31. Both the performance improvement plan and written reprimand against Plaintiff are adverse employment actions for the purposes of retaliation under Title VII.

32. The temporal proximity of both of the performance improvement plan and written reprimand after Plaintiff's complaint indicates that they were done in retaliation to Plaintiff's complaint.

33. Defendant is liable to Plaintiff for retaliation.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment against Defendant pursuant to an Order awarding:

a. Compensatory damages to be determined by the trier of fact.

b. Nominal damages to be determined by the trier of fact.

c. Punitive damages to be determined by the trier of fact.

d. Declaratory and injunctive relief.

    e.  That relief, which is fair, just, and equitable under the circumstances of this case.

JURY TRIAL DEMANDED

Respectfully submitted,

                                                <u>/s/ Charles Tucker, Jr.</u>  
                                                Charles Tucker, Jr.  
                                                Tucker Moore Group LLP  
                                                8181 Professional Place, Suite 207  
                                                Hyattsville, MD 20785  
                                                Phone: 301-577-1175  
                                                Email: Charles@tuckerlawgroupllp.com  
                                                ATTORNEY FOR PLAINTIFF