UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| KIM A. GATEWOOD, | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 8:22-CV-00437-AAQ |
| OFFICE OF THE COMPTROLLER OF MARYLAND, | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

This is a case concerning allegations of employment discrimination by an agency of the State of Maryland. Plaintiff Kim A. Gatewood alleges that the Office of the Comptroller of Maryland retaliated against her after she filed a grievance alleging discrimination. Plaintiff's claim arises under Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). Defendant has filed a Motion to Dismiss Plaintiff's claim. ECF No. 7. Also pending is Plaintiff's Motion for Leave to File a Response to the Motion to Dismiss. ECF No. 13. For the reasons discussed below, both Plaintiff's Motion for Leave to File a Response[1] and Defendant's Motion to Dismiss will be GRANTED.

---

[1] Local Rule 105.2 requires that "[u]nless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion[.]" U.S. District Court for the District of Maryland, Local Rule 105.2 (2021). As Plaintiff concedes, she filed her proposed Response two days late. ECF N0. 13, at 1. Whether the Court strikes a motion that fails to comply with these Rules is within the Court's discretion. *See H & W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 252 (D. Md. 2000) (explaining that Local Rule 105.2 "does not specify the consequence to be administered if that deadline is not met. In its discretion, therefore, the court may hear an untimely opposition."). Given the lack of any prejudice arising from the two-day delay, I will consider Plaintiff's Response.

## BACKGROUND

Plaintiff Kim A. Gatewood ("Plaintiff") began working at the Office of the Comptroller of Maryland ("Defendant") on or about May 9, 2007.[2] ECF No. 1 at ¶ 14. Initially employed as an Office Processing Clerk, Plaintiff transferred to a position as a Computer Operator in 2009 and progressed to a Computer Operator II in March of 2011. *Id.* at ¶¶14-15.

In 2017, Plaintiff filed a grievance alleging that she was not provided training necessary to successfully fulfill her responsibilities. *Id.* at ¶16. In response, Plaintiff and Defendant entered into a mediation agreement that included a training plan for Plaintiff. *Id.* at ¶17. On July 6, 2018, Plaintiff filed a second grievance alleging that Defendant had failed to comply with the mediation agreement and had not provided Plaintiff with the underlying training. *Id.* at ¶18. In that grievance, Plaintiff "alluded to discriminatory conduct by Defendant" and stated she was the only employee to have not received required training. *Id.* at ¶19. Plaintiff alleges that, soon after she filed her second grievance, Defendant placed her on a performance improvement plan ("PIP") with unreasonable goals and, in August 2018, gave her a written reprimand alleging performance errors. *Id.* at ¶¶ 21-22.

On October 2, 2018, within 300 days of Defendant's alleged action, Plaintiff filed a timely charge of discrimination and harassment with the Equal Employment Opportunity Commission ("EEOC"). ECF No. 1 at ¶ 10. On November 26, 2021, the EEOC provided Plaintiff a Dismissal and Notice of Right to Sue. ECF No. 1 at ¶11. Plaintiff filed her Complaint within ninety days of receipt of that Notice. ECF No. 1 at ¶12.

---

[2] Because the case is currently before the Court on Defendant's Motion to Dismiss, I accept all well-pled allegations as true for the purpose of deciding this Motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On February 22, 2022, Plaintiff filed the present lawsuit.  ECF No. 1.  Although Plaintiff alleged that Defendant placed her on a PIP and issued her a written reprimand in retaliation for her filing of a second grievance, *id.* at ¶¶ 23, 29-33, the Complaint's single claim is titled "Race Discrimination – Disparate Treatment".

On April 7, 2022, Defendant filed a Motion to Dismiss the Complaint for Failure to State a Claim.  ECF No. 7.  Plaintiff responded to that Motion on May 19, 2022.  ECF No. 13.  On June 3, 2022, Defendant filed a Reply to Plaintiff's Response to Defendant's Motion to Dismiss.  ECF No. 15.  The Plaintiff has not amended her Complaint.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides that a party may move to dismiss where there is "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss under 12(b)(6), a complaint must contain facts sufficient to "state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  For the purposes of a motion to dismiss, the Court should accept as true the well-pleaded allegations of the complaint.  *Byrd v. Gate Petroleum Co.*, 845 F.2d 86, 87 (4th Cir. 1988).  The court should construe all factual allegations in the light most favorable to the plaintiff.  *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999).

## DISCUSSION

Title VII prohibits employment discrimination based on race, color, religion, sex, and national origin.  42 U.S.C. § 2000e-2(a).  Title VII prohibits both: 1) discrimination on the basis of these protected classifications; and 2) retaliation against employees who have "opposed any practice made an unlawful employment practice" or who have "participated in any investigation, proceeding, or hearing under [Title VII]."  42 U.S.C. §§ 2000e-2, 2000e-3.  To establish a *prima*

3

*facie* case of retaliation under Title VII, a complainant must prove "that [she] engaged in a protected activity, that [her] employer took an adverse employment action against [her], and that there was a causal link between those events." *Savage v. Maryland*, 896 F.3d 260, 276 (4th Cir. 2018). At the motion to dismiss stage, a plaintiff's claim will survive if she alleges facts in her complaint that, if proven true, would merit relief under Title VII. *Booth v. Cty. Exec.*, 186 F.Supp.3d 479, 483 (D. Md. 2016).

Defendant asks the Court to dismiss Plaintiff's claims, arguing she has failed to allege sufficient facts to plead a *prima facie* case of retaliation under Title VII. ECF No. 7-1, at 5-6; ECF No. 15, at 2-9. Although Plaintiff titled her claim as alleging disparate treatment on the basis of race, she concedes that this was an error and that Plaintiff's claim is only a claim for retaliation. ECF No. 13-1 at 3. This explanation is consistent with the substance of the claim. *See* ECF No. 1, at ¶ 33 ("Defendant is liable to Plaintiff for retaliation."). Accordingly, this Opinion will address only Plaintiff's retaliation claim. For the reasons described below, Plaintiff has failed to sufficiently allege a claim for retaliation in her Complaint.

**I.      Plaintiff Fails to Allege She Engaged in Protected Activity.**

To allege a claim of retaliation, a plaintiff must first plead that she was engaged in a protected activity. *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998). Protected activities fall into two distinct categories: participation or opposition. *Id*. An employer may not retaliate against an employee for participating in an ongoing investigation or proceeding under Title VII, nor may the employer take adverse employment action against an employee for opposing discriminatory practices in the workplace. *Id*. Title VII outlines activities that constitute participation, including: (1) making a charge, (2) testifying, (3) assisting, or (4) participating in any manner in an investigation, proceeding, or hearing under the statute. *See* 42 U.S.C.A. § 2000e-3(a). While the Act does not specifically define what constitutes oppositional

practices, "[w]hen an employee communicates to her employer a belief that the employer has engaged in . . . a form of employment discrimination, that communication virtually always constitutes the employee's opposition to that activity." *Crawford v. Metro. Gov't of Nashville & Davidson Cty.*, 555 U.S. 271, 276 (2009) (internal quotation marks omitted). Opposition can include both formal and informal grievance procedures. *Laughlin*, 149 F.3d at 259. A grievance need not manifest into a successful suit for discrimination to serve as the basis of a retaliation claim. *Boyer-Liberto v. Fontainebleu Corp.*, 786 F.3d 264, 282 (4th Cir. 2015).

"To qualify as a protected activity, the employment practices opposed must be either 'actually unlawful under Title VII' or reasonably believed by the employee to be lawful." *Booth*, 186 F.Supp.3d at 487 (quoting *Boyer-Liberto*, 786 F.3d at 282); *see also Netter v. Barnes*, 908 F.3d 932, 937 (4th Cir. 2018) ("For an employee's activity to constitute protected 'opposition,' she must show . . . that she reasonably believed that the employment action she opposed constituted a Title VII violation."). In making this determination, a court may look both to the plaintiff's subjective beliefs, as well as the reasonableness of those beliefs. *Greene v. A. Duie Pyle, Inc.*, 371 F.Supp.2d 759, 764 (D. Md. 2005) ("the court must determine whether [plaintiff] subjectively (in good faith) believed that [defendant] was violating Title VII and whether [plaintiff]'s subjective belief was objectively reasonable in light of the facts.").

In *Booth*, this Court held that the plaintiff failed to state a claim for retaliation under Title VII because his underlying grievance was linked to his "act of inquiring about policies, raising the issue of lack of annual evaluations and other concerns" and not about discrimination on the basis of race or gender. *Booth*, 186 F.Supp.3d at 487. The court found that the plaintiff had merely opposed an employment practice, but failed to allege that the employment practice was unlawful under Title VII because he provided no facts to suggest that the defendant sought to suspend him

because of his race, his gender, or his membership in another protected class. *Id.* at 487; *see also Stewart v. Morgan State Univ.*, 46 F.Supp.3d 590, 600 (D. Md. 2014) (concluding that plaintiff's retaliation claim fails because there is no "indication that [he] asserted race discrimination" in his appeals to the university).

Here, Plaintiff alleges in the Complaint that she alluded to discriminatory conduct by the Defendant when she filed her second grievance. Even accepting this as true, I cannot conclude that, as pled, Plaintiff's second grievance constitutes a protected activity for the purpose of Title VII. While Plaintiff's second grievance would otherwise qualify as a protected activity, Plaintiff does not assert the discrimination alleged in the grievance – the denial of training – was based on her identification with a class protected under Title VII. The totality of the discussion regarding the substance of the second grievance is simply that "Plaintiff alluded to discriminatory conduct by Defendant, noting that she was the only employee, including employees who were hired long after her[], that had[n't] received training," ECF No. 1 at ¶ 19, and that "Plaintiff filed [an] additional grievance against this discriminatory behavior," *id.* at ¶ 21.[3] No information is provided in the Complaint regarding the reason that Plaintiff believes she was denied the requested training. While Plaintiff correctly states that the grievance need not manifest into a successful suit for discrimination, Plaintiff must allege facts from which the other party may infer the basis on which she was denied training, and thereby, discriminated against.

**II.    It is Unclear Whether Plaintiff Has Sufficiently Alleged That She Suffered an Adverse Employment Action.**

---

[3] Plaintiff repeats this point in Count One, providing little additional clarification regarding the basis for discrimination. *See* ECF No. 1, at ¶ 29 ("Plaintiff's complaint of discriminatory conduct is a protected activity for the purposes of retaliation under Title VII.").

6

After pleading that she engaged in protected activity, a plaintiff alleging retaliation must claim that she suffered an adverse employment action. In the context of a retaliation case, an adverse employment action is one which "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006). Such an action need not impact the terms and conditions of employment. *Id.* at 64. The standard for an adverse employment action is less strenuous in the retaliation context than in a traditional discrimination case. *Id*. at 70.

While neither a PIP nor a formal letter of reprimand is enough, by itself, to constitute an adverse employment action, *Wonasue v. Univ. of Maryland Alumni Ass'n*, 984 F.Supp.2d 480, 492 (D. Md. 2013),[4] each may be an adverse employment action if it has an adverse effect on the employee's pay or opportunities for advancement. *Lewis v. Forest Pharm., Inc.*, 217 F.Supp.2d 638, 648 (D. Md. 2002) (finding that even under the stricter standard of a *quid pro quo* sexual harassment claim, a written reprimand placed in an employee's file qualified as a tangible employment action because it "demonstrably impeded [her] ability to advance, and because it so imminently threatened probation if she failed to mend her ways."). Additionally, a PIP or a letter of warning may be an adverse action if it includes language suggesting a plaintiff may be at risk of "further discipline, including termination." *Staggers v. Becerra*, No. ELH-21-0231, 2021 WL 5989212, at *19 (D. Md. 2021) (citing *Barnes v. Charles Cty. Pub. Schools*, 747 Fed. App'x 115, 119 (4th Cir. 2018) (per curiam).

Finally, an action that might otherwise be insufficient by itself may be sufficiently adverse where a reasonable jury could find that the that the action may have dissuaded a reasonable worker

---

[4] While *Wonasue* evaluates a retaliation claim under the Rehabilitation Act, the court held that such claims are assessed under the same framework as Title VII retaliation claims. *Wonasue*, 984 F.Supp.2d at 491.

from making or supporting a charge of discrimination. *Wonasue*, 984 F.Supp.2d at 494-95 (quoting *Burlington Northern*, 548 U.S. at 67-68). In *Wonasue*, this Court found that the plaintiff had sufficiently alleged a *prima facie* case for retaliation because a jury could reasonably find that the denial of her leave request and the attendance warning she received could have dissuaded her from making a charge of discrimination. *Wonasue*, 984 F.Supp.2d at 494-95. In that case, the plaintiff informed her supervisor that she was pregnant and requested permission to work from home. *Id*. at 492-93. In response, her supervisor reminded her of her job duties and emphasized the importance of being in the office "full-time . . . from 8:30 to 5:00," warning her that she "would have to think about what she wanted to do" if she could not "commit herself fully." *Id*. at 494. While this Court stated that such a warning on its own was not enough to constitute an adverse employment action, the fact that the warning could have disincentivized her from pursuing a charge of discrimination was enough to establish an adverse employment action for the purpose of defeating Defendant's motion for summary judgment. *Id*. at 494.

As this Court highlighted in *Staggers*, more recent decisions from this Court have been more likely to find that a written reprimand, in certain circumstances, may constitute an adverse action. *See Staggers*, 2021 WL 5989212, at *24-25 (citing *Smith v. Bd. of Educ. of Prince George's Cty.*, No. GJH-16-206, 2016 WL 4014563, at *4-5 (D. Md. July 26, 2016) (concluding that written reprimand, in the form of a "Letter of Professional Counseling," constituted adverse action); *Howerton v. Bd. of Educ. of Prince George's Cty.*, No. TDC-14-0402, 2015 WL 4994536, at *17-18 (D. Md. Aug. 19, 2015) (stating that "reprimand letters placed in an employee's personnel file" could sometimes be adverse actions)); *see also Barnes*, 747 App'x at 119 ("[R]eceipt of a letter of warning did amount to an adverse action because [plaintiff's supervisor] warned [plaintiff] that future disciplinary actions could result in further discipline, including termination."); *Harris v.*

*Charles E. Smith Life Cmty.'s*, No. MJM-21-1242, 2022 WL 4777592, at *12 (D. Md. Oct. 3, 2022) (holding that a written warning accompanied by threats of further disciplinary action was enough to constitute a materially adverse action); *Brown v. Hous. Auth. of Balt. City*, No. MJG-16-3616, 2017 WL 3189447, at *7 (D. Md. July 26, 2017) (presuming, for the purpose of a motion to dismiss, that at least plaintiff's placement on a PIP and her termination are both possible actionable adverse employment actions). For example, in *Barnes*, the Fourth Circuit affirmed the district court's conclusion that plaintiff's "receipt of a letter of warning did amount to an adverse action because [plaintiff's supervisor] warned [plaintiff] that future disciplinary actions could result in further discipline, including termination." 747 F. App'x at 119. As the Court stated in *Staggers*, "this decision, which is more recent than the cases [finding that a written reprimand was insufficient], provides helpful guidance when considering whether a formal reprimand constitutes a materially adverse action." 2021 WL 5989212 at *25.

Ultimately, it is difficult to craft a one-size fits all approach because when assessing a retaliation claim, "[c]ontext matters. 'The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed.'" *Burlington Northern*, 548 U.S. at 69 (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998)); *see also Smith*, 2016 WL 4014563, at *5 (same). Accordingly, whether a written reprimand will be sufficient will turn on the unique facts and circumstances in each individual case.

Here, Plaintiff alleges that she suffered an adverse employment action when, because of filing her second grievance, she was placed on a PIP and received a written reprimand. ECF No. 13-1 at 4. The Complaint includes limited information about the contents of either the PIP or the

written reprimand beyond saying that the PIP included unreasonable goals and the written reprimand alleged performance errors.  ECF No. 1 at ¶¶ 21-22.  Drawing all inferences in favor of the Plaintiff, as the Court must at this stage of the proceedings, it is possible that the combination of the PIP and the written reprimand may have been sufficient to dissuade a reasonable person from raising further complaint regarding the conditions of her employment.  That said, Plaintiff includes little information regarding the content of the written reprimand, the impact on her likelihood to seek further redress, or whether the reprimand was accompanied with or followed by additional threatening actions.  Ultimately, as I have already determined that Plaintiff has not sufficiently pled the first element, I need not decide this issue at the current time.

### III. Plaintiff Sufficiently Alleges a Causal Connection Between Filing Her Second Grievance and Receiving the PIP and Written Reprimand.

Finally, a plaintiff alleging retaliation must demonstrate a causal connection between her protected activity and the adverse employment action.  Here, Plaintiff has sufficiently pled a causal connection.

"[E]stablishing a 'causal relationship' at the *prima facie* stage is not an onerous burden." *Strothers v. City of Laurel*, 895 F.3d 317, 335 (4th Cir. 2018).  A plaintiff may either show "the existence of facts that 'suggest that the adverse action occurred because of the protected activity'" or "that 'the adverse act bears sufficient temporal proximity to the protected activity.'"  *Smith v. CSRA*, 12 F.4th 396, 417 (4th Cir. 2021) (quoting *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 123 (4th Cir. 2021)).

There is no bright-line rule for how close in time a grievance and an adverse action must be to establish a causal connection, though the inference of a connection weakens as time passes. *Beck-Pell v. Sheet Metal Workers Loc. #100*, No. PWG-17-2329, 2019 WL 3841935, *7 (D. Md. 2019) (applying the First Amendment retaliation standard to a Title VII claim and holding the

passage of two years was too long to find a causal connection); *see also Penley v. McDowell Cty. Bd. of Educ.*, 876 F.3d 646, 655-57 (4th Cir. 2017) (holding that an eight to nine month time frame is too distant to create an inference of causation); *Horne v. Reznick Fedder & Silverman*, 154 F. App'x 361, 364 (4th Cir. 2005) ("[T]his court has previously noted that a lapse of two months between the protected activity and the adverse action is 'sufficiently long so as to weaken significantly the inference of causation.'") (quoting *King v. Rumsfeld*, 328 F.3d 145, 151 n. 5 (4th Cir. 2005)). *But see Staggers*, 2021 WL 5989212 at *25 ("Accepting the allegations here as true, as I must at this juncture, and drawing all reasonable inferences in plaintiff's favor, as I must, he has sufficiently alleged, on the basis of temporal proximity, a causal link between his protected activity of September 20, 2018, and the adverse action on November 8, 2018."); *Alexander v. Bloomingdale's Inc.*, No. PWG-17-3283, 2019 WL 2162286, *13 (D. Md. May 17, 2019) ("This Court and the Fourth Circuit have held that approximately two months may be sufficient temporal proximity to establish a causal relationship."); *Muldrow v. Blank*, No. PWG-13-1200, 2014 WL 938475, *12 (D. Md. Mar. 10, 2014) (holding that a temporal proximity of around two months is sufficient to allege a causal connection).

In this case, Plaintiff relies on temporal proximity to demonstrate a causal connection between her protected activity and the adverse employment action. ECF No. 13-1, at 4. Plaintiff alleges that she filed her second grievance on July 6, 2018. ECF No. 1 at ¶18. She alleges that, soon after she filed her second grievance, Defendant placed her on a PIP that included unreasonable goals and, in August 2018, Defendant gave her a written reprimand alleging performance errors. ECF No. 1 at ¶ ¶ 21-22. Drawing all reasonable inferences in Plaintiff's favor, as I must at the motion to dismiss stage, I can infer that Plaintiff received a PIP and written reprimand approximately one month after she filed her second grievance. This is sufficient for

Plaintiff to plead this element. *See Foster v. University of Maryland Eastern-Shore*, 787 F.3d 243, 253 (4th Cir. 2015) (finding that a gap of a month between plaintiff's complaint and her finding is sufficient to create a jury question regarding the causation prong of the prima facie case). Furthermore, as discussed above, even if the time that passed was slightly longer, it would not necessarily defeat the element at the motion to dismiss stage.

Defendant, in response, argues that Plaintiff has not sufficiently pled temporal proximity because she failed to identify the specific dates on which the PIP and written reprimand were issued. ECF No. 15 at 9. In support of this proposition, Defendant relies solely on *Hinton v. Virginia Union University*, in which the U.S. District Court for the Eastern District of Virginia found that the absence of a date in which the alleged adverse employment action occurred hampered its ability to determine whether there was a sufficient temporal nexus. 185 F.Supp.3d 807, 838 (E.D. Va. 2016). In attempting to apply *Hinton* to this case, Defendant extends *Hinton* beyond its facts. In *Hinton*, the plaintiff failed to provide any information regarding when the adverse employment action occurred. *Id.* at 838. Accordingly, the Court had no basis by which to determine whether there was a sufficient temporal nexus. In this case, Plaintiff has stated the precise date on which she filed a grievance and stated that she received a written reprimand the following month. Accordingly, *Hinton* is inapplicable here.

**IV.  Plaintiff May Seek Leave to File an Amended Complaint.**

Defendant requests that Plaintiff's claims be dismissed with prejudice because Plaintiff has insufficiently pled a claim for retaliation. ECF No. 7-1, at 11. While I agree that Plaintiff has failed to plead at least one of the required elements, I will allow Plaintiff twenty-one days to seek leave to file an amended complaint. If Plaintiff fails to do so, the case will be dismissed with prejudice.

Federal Rule of Civil Procedure 15 requires that district courts grant leave to amend a complaint "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). A court granting a dismissal for failure to state a claim may grant the plaintiff leave to amend the complaint. *See Tall v. Maryland Developmental Disabilities Administration*, No. ELH-15-3811, 2016 WL 3459854, at *7 (D. Md. Jun. 24, 2016); *Thompson v. Dorsey*, No. ELH–10–1364, 2011 WL 2610704, at *6 (D. Md. Jun. 30, 2011). In the absence of a showing of undue prejudice to the defendant, the refusal to grant leave to amend has been found to be an abuse of discretion. *See Frasier v. General Electric Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991) (finding a complaint should not be dismissed without one warning and leave to amend at least once); *Griggs v. Hinds Junior C.*, 563 F.2d 179, 180 (5th Cir. 1977) (holding leave to amend is especially appropriate, in cases such as this, when the trial court has dismissed the complaint for failure to state a claim). Accordingly, courts in this District have seen fit to dismiss without prejudice when plaintiffs fail to meet pleading standards. *See e.g. Booth*, 186 F.Supp.3d at 488-89 (dismissing claim without prejudice and leaving room to amend); *El v. Hollingsworth*, No. ELH–16–4016, 2017 WL 3531484, at *8 (D. Md. Aug. 17, 2017) (same).

The current filings do not support departing from the prevailing practice described above. First, while Defendant requests that Plaintiff's claims be dismissed with prejudice, they do not identify any prejudice that would result were Plaintiff allowed to file an amended complaint. Second, the briefing suggests the availability of additional facts that may address points of ambiguity in the present filings. For example, Plaintiff cites to case law stating that a court may consider documents "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." ECF. No. 13-1 at 1 (citing *Gaines v. Valley Cnty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)). It is not clear, based on the present record, to which documents Plaintiff

refers. Plaintiff has attached no exhibits for the Court to review nor otherwise made any additional documents available. Nonetheless, this citation suggests that additional facts may exist and that Plaintiff may be able to plead a *prima facie* case with facts from these documents. Finally, third, although I found above that Plaintiff has not sufficiently alleged that she engaged in protected activity, the case is distinguishable from cases in which the plaintiff's complaint clearly concerned workplace complaints separate and apart from claims of discrimination. *See Connelly v. Maryland Dept. of Human Serv.*, No. JKB-21-1068, 2021 WL 6000076, at *7 (D. Md. Dec. 20, 2021) (denying leave to amend where the plaintiff complained that his employer did not provide the grade or salary promised when he was hired). Here, the Complaint alleges that Plaintiff complained of discrimination, but fails to identify the basis upon which she was discriminated.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss is GRANTED. However, Plaintiff's Complaint shall be dismissed without prejudice. Plaintiff may seek leave to file an Amended Complaint within twenty-one (21) days of the date of this Opinion. Plaintiff shall attach the proposed Amended Complaint to any Motion seeking such leave.

So ordered.

Date: October 19, 2022                                         _____/s/_____
                                                          Ajmel A. Quereshi
                                                          United States Magistrate Judge