# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### (SOUTHERN DIVISION)

KIM A. GATEWOOD,               *

           Plaintiff          *

         v.               *     Civil Case No. 8:22-CV-00437-AAQ

OFFICE OF THE COMPTROLLER   *
OF MARYLAND,

                  *

           Defendant

                  *

## MEMORANDUM OPINION

This is a case concerning allegations of employment discrimination by an agency of the State of Maryland. Plaintiff Kim A. Gatewood alleges that the Office of the Comptroller of Maryland retaliated against her after she filed a grievance alleging discrimination. Plaintiff's claim arises under Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). Defendant has filed a Motion to Strike Plaintiff's Amended Complaint. ECF No. 19. Also pending is Plaintiff's Motion for Leave to Amend her Amended Complaint. ECF No. 28. For the reasons discussed below, Plaintiff's Motion to Amend will be granted; Defendant's Motion to Strike will be converted to a Second Motion to Dismiss and, likewise, be granted.

## BACKGROUND

The facts of the case, as Plaintiff alleges, as well as the early procedural history of the case are recounted in detail in this Court's Opinion and Order of October 19, 2022. ECF No. 16. On that date, the Court granted Defendant's First Motion to Dismiss, and dismissed the Complaint, without prejudice. In so doing, the Court stated:

Plaintiff does not assert the discrimination alleged in the grievance – the denial of training – was based on her identification with a class protected under Title VII.  The totality of the discussion regarding the substance of the second grievance is simply that "Plaintiff alluded to discriminatory conduct by Defendant, noting that she was the only employee, including employees who were hired long after her[], that had[n't] received training," ECF No. 1 at ¶ 19, and that "Plaintiff filed [an] additional grievance against this discriminatory behavior," *id.* at ¶ 21.  No information is provided in the Complaint regarding the reason that Plaintiff believes she was denied the requested training.  While Plaintiff correctly states that the grievance need not manifest into a successful suit for discrimination, Plaintiff must allege facts from which the other party may infer the basis on which she was denied training, and thereby, discriminated against.

*Id.* at 6.  Additionally, the Court expressed concern, without deciding, that Plaintiff had sufficiently alleged that she suffered an adverse employment action.  *See id.* at 10 ("Plaintiff includes little information regarding the content of the written reprimand, the impact on her likelihood to seek further redress, or whether the reprimand was accompanied with or followed by additional threatening actions.").  Although the Court granted Defendant's Motion to Dismiss, the Court granted Plaintiff twenty-one days to seek leave to file an amended complaint, correcting the deficiencies the Court had identified.  *Id.* at 14.

Within twenty-one days, Plaintiff filed an Amended Complaint, which included a slight amendment regarding her allegations that her initial internal grievance alleged discrimination based on her race. ECF No. 18. In the First Complaint, Plaintiff alleged that she "alluded to discriminatory conduct by Defendant".  ECF No. 18-1, at 3.  In her Amended Complaint, Plaintiff alleged that she expressed concern regarding Defendant's "discriminatory conduct based on her race".  *Id*; *see also id.* at 4 ("Specifically, Plaintiff complained that she was the only employee in her unit that was not receiving the adequate training as agreed upon in the mediated agreement and that it was based on her race.").  Additionally, the Complaint included substantial additional details

regarding the performance improvement plan and written reprimand that Plaintiff was subject to. *Id.* at 3-4.

On November 22, 2022, Defendant filed a Motion to Strike the Amended Complaint, primarily arguing that the Amended Complaint, in contravention of the Court's prior ruling, failed to allege specific facts supporting her claim that her initial grievance alleged discrimination on the basis of race. ECF No. 19-1, at 5-8. Additionally, Defendant argued that Plaintiff filed an Amended Complaint, rather than seeking leave to file an Amended Complaint, as the Court ordered, *id.* at 2-3, and the Amended Complaint continued to title Plaintiff's claim as one for disparate treatment on the basis of race, although the substance of the claim concerned retaliation, *id.* at 4-5. On December 17, 2022, Plaintiff filed a Motion for Extension of Time to file a Response to the Motion to Strike, which the Court granted on December 19, 2022. ECF Nos. 20, 21.

On January 10, 2023, Plaintiff filed a Motion for Leave to file an Amended Complaint, as well as a Response in Opposition to Defendant's Motion to Strike. ECF Nos. 22, 23. On January 14, 2023, the Court granted Plaintiff's Motion for Leave to File an Amended Complaint and construed the remaining portions of the Motion to Strike as a Second Motion to Dismiss. ECF No. 24. On January 31, 2023, Defendant filed a Reply in Support of the Motion to Strike, attaching to the brief the initial grievance that allegedly serves as the basis for Plaintiff's retaliation allegations. ECF No. 25. The grievance was silent as to any allegations on the basis of race. ECF No. 25-1. Given that the substance of the grievance was included for the first time in Defendant's Reply, the Court granted Plaintiff leave to file a Sur-Reply, which Plaintiff did on May 22, 2023. ECF Nos. 26, 27. Additionally, on the same day, Plaintiff filed a second Motion for Leave to Amend to correct Plaintiff's mislabeling of her retaliation claim in the Amended Complaint. ECF No. 28.

**STANDARD OF REVIEW**

Fed. R. Civ. P. 12(b)(6) provides that a party may move to dismiss where there is "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss under 12(b)(6), a complaint must contain facts sufficient to "state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss, the Court should accept as true the well-pleaded allegations of the complaint.  *Byrd v. Gate Petroleum Co*., 845 F.2d 86, 87 (4th Cir. 1988).  The court should construe all factual allegations in the light most favorable to the plaintiff.  *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999).

## DISCUSSION

Title VII prohibits employment discrimination based on race, color, religion, sex, and national origin.  42 U.S.C. § 2000e-2(a).  Title VII prohibits both: 1) discrimination on the basis of these protected classifications; and 2) retaliation against employees who have "opposed any practice made an unlawful employment practice" or who have "participated in any manner in an investigation, proceeding, or hearing under [Title VII]."  42 U.S.C. §§ 2000e-2, 2000e-3.  To establish a *prima facie* case of retaliation under Title VII, a complainant must plead "that [she] engaged in [a] protected activity, that [her] employer took an adverse employment action against [her], and that there was a causal link between those events."  *Savage v. Maryland*, 896 F.3d 260, 276 (4th Cir. 2018).  At the motion to dismiss stage, a plaintiff's claim will survive if she alleges facts in her complaint that, if proven true, would merit relief under Title VII.  *Booth v. Cty. Exec.*, 186 F. Supp. 3d 479, 483 (D. Md. 2016).

Defendant asks the Court to dismiss Plaintiff's claims, arguing she has failed to allege sufficient facts to plead a *prima facie* case of retaliation under Title VII.  ECF No. 19-1, at 5-8. Although Plaintiff's Amended Complaint continues to title her claim as alleging disparate

4

treatment on the basis of race, she concedes that this was a typographical error and that Plaintiff's claim is only for retaliation. ECF No. 28. This explanation is consistent with the substance of the claim. *See* ECF No. 18-1, at ¶ 41 ("Defendant is liable to Plaintiff for retaliation."). Although Defendant highlights this persistent error, Defendant has been aware of the nature of the claim given the substance of the Complaint and the Amended Complaint, as well as the Court's previous ruling construing Plaintiff's Complaint as alleging a single claim for retaliation. Accordingly, Plaintiff's Motion for Leave to Amend the Amended Complaint shall be granted. Nonetheless, for the reasons described below, Plaintiff has failed to sufficiently allege a claim for retaliation in her Amended Complaint.

To allege a claim of retaliation, a plaintiff must first plead that she engaged in a protected activity. *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998). Protected activities fall into two distinct categories: participation or opposition. *Id*. An employer may not retaliate against an employee for participating in an ongoing investigation or proceeding under Title VII, nor may the employer take adverse employment action against an employee for opposing discriminatory practices in the workplace. *Id*. Title VII outlines activities that constitute participation, including: (1) making a charge, (2) testifying, (3) assisting, or (4) participating in any manner in an investigation, proceeding, or hearing under the statute. *See* 42 U.S.C.A. § 2000e-3(a). While the Act does not specifically define what constitutes oppositional practices, "[w]hen an employee communicates to her employer a belief that the employer has engaged in . . . a form of employment discrimination, that communication virtually always constitutes the employee's opposition to that activity." *Crawford v. Metro. Gov't of Nashville & Davidson Cty.*, 555 U.S. 271, 276 (2009) (internal quotation marks omitted). Opposition can include both formal and informal grievance procedures. *Laughlin*, 149 F.3d at 259. A grievance need not manifest into a

successful suit for discrimination to serve as the basis of a retaliation claim.  *See Boyer-Liberto v. Fontainebleu Corp.*, 786 F.3d 264, 282 (4th Cir. 2015).

"To qualify as a protected activity, the employment practices opposed must be either 'actually unlawful under Title VII' or reasonably believed by the employee to be lawful."  *Booth*, 186 F. Supp. 3d at 487 (quoting *Boyer-Liberto*, 786 F.3d at 282); *see also Netter v. Barnes*, 908 F.3d 932, 937 (4th Cir. 2018) ("For an employee's activity to constitute protected 'opposition,' she must show . . . that she reasonably believed that the employment action she opposed constituted a Title VII violation.").  In making this determination, a court may look both to the plaintiff's subjective beliefs, as well as the reasonableness of those beliefs.  *Greene v. A. Duie Pyle, Inc.*, 371 F. Supp. 2d 759, 764 (D. Md. 2005) ("[The] court must determine whether [a plaintiff] subjectively (in good faith) believed that [a defendant] was violating Title VII and whether [the plaintiff]'s subjective belief was objectively reasonable in light of the facts.").

In *Booth*, this Court held that the plaintiff failed to state a claim for retaliation under Title VII because his underlying grievance was linked to his "act of inquiring about policies, raising the issue of lack of annual evaluations and other concerns" and not about discrimination on the basis of race or gender.  *Booth*, 186 F. Supp. 3d at 487.  The court found that the plaintiff had merely opposed an employment practice, but failed to allege that the employment practice was unlawful under Title VII because he provided no facts to suggest that the defendant sought to suspend him because of his race, his gender, or his membership in another protected class.  *Id.* at 487; *see also Stewart v. Morgan State Univ.*, 46 F. Supp. 3d 590, 600 (D. Md. 2014) (concluding that plaintiff's retaliation claim fails because there is no "indication that [he] asserted race discrimination" in his appeals to the university).

Here, Plaintiff alleges in the Amended Complaint that she raised concern regarding discriminatory conduct on the basis of race. ECF No. 18, at 3, 4. However, the Court cannot conclude that, as pled, Plaintiff has alleged sufficient facts to support a claim for retaliation. As the Supreme Court explained in *Swierkiewicz v. Sorema*, the "prima facie case under *McDonnell-Douglas* . . . is an evidentiary standard, not a pleading requirement." 534 U.S. 506, 510 (2002). At the motion-to-dismiss stage, a plaintiff need not establish a prima facie case of discrimination or retaliation under *McDonell-Douglas* but must satisfy the pleading standard established in *Iqbal* and *Twombly*. *Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017); *see also Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for all civil actions, . . . and it applies to antitrust and discrimination suits alike[.]") (citations omitted). Thus, while a plaintiff does not necessarily need to allege facts sufficient to establish all elements of a prima facie case of employment discrimination or retaliation to avoid dismissal under Rule 12(b)(6), sufficient facts must be pled to support a reasonable inference that an adverse employment action was motivated by unlawful discrimination or retaliation.

Other than amending her complaint to state that her grievance alleged discrimination on the basis of race, Plaintiff has failed to include any additional allegations supporting her claim that she engaged in a protected activity. This is despite the Court's forewarning regarding the insufficiencies in Plaintiff's original Complaint.[1]  *See* ECF No. 16, at 6 ("No information is

---

[1] Plaintiff's response includes no case law in support of its position but simply argues without explanation or citation to the Complaint that the allegation is not conclusory. ECF No. 23, at 3 ("First, it is unclear how the term "race" is conclusory as it is used to specifically describe what Plaintiff believes was the basis of the discriminatory conduct. . . . it is unclear how such language is conclusory given that Plaintiff adequately supports why she believes the discriminatory conduct was based upon her race."). The Complaint is conclusory because it fails to allege any facts regarding why Plaintiff believed the discrimination was on the basis of race. The allegations need not be robust, but there must be some facts supporting the plaintiff's allegation.

provided in the Complaint regarding the reason that Plaintiff believes she was denied the requested training.  While Plaintiff correctly states that the grievance need not manifest into a successful suit for discrimination, *Plaintiff must allege facts from which the other party may infer the basis on which she was denied training, and thereby, discriminated against*." (emphasis added)).  Among other things, Plaintiff has failed to allege her own race, the race of her co-workers which she alleges received treatment more favorable than her, or the race of her supervisors.  Other than two general statements alleging that she complained of racial discrimination, the Amended Complaint is silent as to race altogether. ECF No. 18-1, at 3-4.  A complaint need not include detailed factual allegations or plead each the facts identified above to survive a motion to dismiss, but it must include, at a minimum, some factual allegations supporting a conclusion that the discrimination Plaintiff complained was based on race.  For example, this Court has found it sufficient for a Plaintiff to allege facts related to her membership in a protected class, and that others outside the protected class were treated more favorably.  *See Brown v. Hydrochem*, No. 1:21-CV-02992, 2022 WL 1538622, at *2 (D. Md. May 16, 2022) ("While not a model of pleading clarity, the Amended Complaint [sufficiently] alleges that Plaintiff was suspended because his supervisor was motivated by racial animus (and, in essence, that 'insubordination' is a false pretext); that similarly (or less well) situated employees outside of Plaintiff's protected class were treated more favorably; and that after he complained to human resources and filed an administrative charge, he was treated adversely in the form of reduced earning opportunities.").  As noted above, the Complaint lacks any factual allegations regarding even the protected class to which Plaintiff belongs.  ECF No. 18. Accordingly, Plaintiff has failed to allege facts supporting a plausible claim, *Ciociola v. Baltimore City Bd. of Sch. Commissioners*, No. CCB-15-1451, 2016 WL 125597, at *4 (D. Md. Jan. 12, 2016), and, as a result, dismissal is required.  *See Hamlin v. PDP Group, Inc.*, NO. JKB-21-2130,

2022 WL 1407932, at *2-5 (D. Md. May 3, 2022) (dismissing case where Plaintiff "indicated that she suffered termination of employment and retaliation as a result of discrimination on the basis of race and gender/sex" but otherwise failed to include any allegations supporting her claim that she was discriminated against on the basis of her race); *Michaels v. Continental Reality Corp.*, No. RDB–10–1998, 2011 WL 4479697, at *7 (D. Md. Sept. 26, 2011) ("there are insufficient factual allegations in [Plaintiff's] Complaint to support the existence of any protected ADA activity that could have formed the basis for [Defendant's] alleged termination action. . . . [Plaintiff's] Complaint does not allege . . . a clear description of his qualifying ADA disability.  Therefore[,] Plaintiff has not pled facts sufficient to support a *prima facie* claim of retaliation[.]").

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion for Leave to Amend, ECF No. 19, and Defendant's Motion to Strike, ECF No. 28, are GRANTED.  The Clerk shall close the case.

So ordered.

Date: July 19, 2023                                    _____/s/_____
                                                       Ajmel A. Qureshi
                                                       United States Magistrate Judge